Industrial Commissioner holding claimant ineligible to receive benefits effective January 27, 1976 through March 2, 1976 because he was not available for employment in that period (Labor Law, § 591, subd 2). Claimant, a deckhand on vessels in the Great Lakes area, last worked on December 2, 1975 at which time he was laid off at the end of the Great Lakes shipping season. On January 27, 1976, claimant left by car for West Palm Beach, Florida, stopping briefly on the way at Savannah, Jacksonville, and Fort Lauderdale. He returned driving his car to New York on March 3, 1976. The board found that claimant went on a vacation trip to Florida during the period in question and that his meager efforts to find work in Florida did not constitute a meaningful search for employment during that vacation period. As there is substantial evidence in the record to support the board's findings, the decision must be affirmed (Matter of Longabucco [Levine], 50 AD2d 1002; Matter of Zaput [Catherwood], 25 AD2d 903). Decision affirmed, without costs. Kane, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.

## (November 24, 1976)

■ In the Matter of the Claim of JOE GREEN, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board filed March 14, 1974, which affirmed the decision of a referee disqualifying claimant from receiving benefits because of voluntary leaving of employment without good cause by provoking his discharge. The board, on its own motion, reopened and rescinded its prior decision and ruled in claimant's behalf and directed that claimant be paid all benefits involved by decision dated January 27, 1975. Claimant, in his brief, concedes that he is not aggrieved by the second reconsidered appeal board decision. The decision, in claimant's favor, obviates the necessity for review of the factual situation herein. However, claimant contends that this appeal is not moot because a question of general interest and substantial public importance is likely to recur (Matter of Jones v Berman, 37 NY2d 42). Claimant alleges that the form decision of the board does not conform with the regulatory requirements governing the content of decisions (12 NYCRR 464.1[a]) and that it violates his due process rights since it does not state specific reasons for the decision to affirm the referee's decision. The regulations in question require that a decision of the board contain a statement of the issues, the findings of fact and conclusions and the reasons therefor. We hold that a statement by the board that it "adopts the findings of fact and opinion of the referee as the findings of fact and the opinion of the board" constitutes substantial compliance with the said regulations and does not violate any due process rights of the claimant. Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.